## Charles F. Morse et al. v. The Pacific Ry. Co. and Thomas Murdoch, Byron L. Smith and Ezra J. Warner, as Executors and Trustees of Simon Reid, deceased, et al.

1. REVIVOR—*Bill for, to be Filed Within Two Years—Limitations—Administration of Estates.*—A bill of revivor by the creditors of an insolvent corporation for the purpose of charging the estate of a deceased holder of shares in such corporation, not filed in a court of competent jurisdiction within two years from the issuing of letters testamentary or of administration, can be enforced only from the assets of the estate subsequently inventoried.

**Bill of Revivor.**—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed January 15, 1901.

WALKER & PAYNE, attorneys for appellants.

WILSON, MOORE & McILVAINE, attorneys for appellees.

MR. JUSTICE HORTON delivered the opinion of the court.

The original bill of complaint in this case was filed January 19, 1891. Simon Reid and Thomas Murdoch, defendants therein, at that time owned 625 shares of the capital stock of the Pacific Railway Company, evidenced by a certificate issued to "Reid & Murdoch."

February 13, 1892, said Reid departed this life, and February 22, 1892, letters testamentary were issued on his estate to the appellees Thomas Murdoch, Byron L. Smith and Ezra J. Warner.

June 20, 1898, a bill of revivor was filed by appellants

whereby it was sought to charge the estate of said Reid and Thomas Murdoch, individually, as partners for the entire amount claimed to be due and unpaid upon said capital stock and to charge each with the full amount thus claimed.

In other respects this case is substantially like the case of the same appellants against Jennie L. Gillette et al. in this court, *ante*, page 23, the opinion in which is filed herewith.

Counsel for appellants contend that said Murdoch and said Reid held said stock as partners and that their liability thereon was joint and several.

Mr. Murdoch, who was called as a witness by appellants, is the only witness who testified as to this stock transaction and the ownership of the stock. He testified that they had no partnership property except in the grocery business; that each paid one-half of the cost and expense of carrying the stock; that each held and owned one-half interest therein, and that in case of sale the proceeds were to be divided equally between them. Also that there was no other or different agreement.

From the testimony it is clear that there was no agreement between the parties that they were to be partners in this transaction or that they had any intention to be such. whatever would have been the conclusion if there had been no testimony except the certificate of stock, it is unnecessary here to inquire, for the testimony outside of said certificate is conclusive. It does not appear that there was ever any firm known as "Reid & Murdoch." There is no testimony which is inconsistent with the contention of appellees, that they were tenants in common and not partners. It was a joint ownership or community of interest but not a partnership.

This case abated as to him at the death of Mr. Reid, February 13, 1892. It was more than six years after that when the bill of revivor was filed. In the meantime no step had been taken in any court having jurisdiction and nothing had been done to revive this case against Mr. Reid's personal representatives or to charge his estate.

The question as to the claim of appellants against appel-

lees was referred to the same master by the same order and is included in the same report by the master, as in the Gillette case referred to above. The briefs of counsel for appellants are the same as those in that case. As in that case a decree was entered against the appellees to be paid out of the estate not inventoried or accounted for within two years after the granting of letters testamentary. The provision of the statute, limiting the satisfaction of said decree to subsequently discovered assets, applies in this as in the Gillette case.

We refer to the opinion in that case as expressing the views of the court upon this question of limitation.

The decree of the Circuit Court will be affirmed.